UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EFFRAIN ALICEA, JR.,

    Petitioner,

v.                                            CASE NO. 6:06-cv-584-Orl-19DAB

JAMES MCDONOUGH, et al.,

    Respondents.
_____

## ORDER

Petitioner filed a petition for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1) alleging that he was not permitted to withdraw his guilty plea when he was denied specific performance. Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 5) to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner filed a reply (Doc. No. 9) to the response.

*Procedural History*

Petitioner was charged by information with one count of conspiracy to traffic in 14 grams or more of heroin (count one) and one count of trafficking in 14 grams or more of heroin (count two). Petitioner entered a plea of nolo contendere to count two of the information. Pursuant to a written plea agreement which included a provision regarding

substantial assistance, Petitioner pled nolo contendere to count two, and count one was nolle prossed. Petitioner was adjudicated guilty of count two, sentencing was scheduled four months later, and Petitioner was released on his own recognizance in order to provide substantial assistance to the State. On August 6, 2002, Petitioner failed to appear for his sentencing, and a capias was issued.[1] Petitioner was subsequently arrested and sentenced to a fifteen-year term of imprisonment. During the sentencing hearing, Petitioner moved to withdraw his plea, but the motion was denied. Petitioner filed a direct appeal, and the Florida Fifth District Court of Appeal *per curiam* affirmed. *Alicea v. State*, 922 So. 2d 219 (Fla. 5th DCA 2006). Mandate was issued on February 17, 2006.

*Claim One*

Petitioner raises one claim for relief articulated as follows: "When the petitioner was not provided with the specific performance of the plea agreement, he was not permitted to withdraw his plea." (Doc. No. 1 at 6-6A.) According to Petitioner, the fact that he was taken into custody shortly after he entered his plea prevented him from fulfilling his obligations under the plea agreement. His sentencing was scheduled shortly after he was released from prison in New York. At the time of his sentencing, his request for a continuance to enable him to provide substantial assistance to the State in accordance with his plea agreement was denied. He then moved to withdraw his plea, and that motion was

---

[1] Apparently, Petitioner had been taken to New York to serve a sentence for another crime.

also denied. Petitioner unsuccessfully appealed the denial of his motion to withdraw his plea.

This claim involves only issues of state law, namely the denial of Petitioner's motion to withdraw his nolo contendere plea.[2] This Court expresses no opinion on the state trial court's interpretation of Florida law. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)). Because this claim is based exclusively on state law matters, it must be denied.[3]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

---

[2]The Court notes that Petitioner has cited no federal constitutional provision or federal law in support of his claim. Furthermore, a review of the record reflects that the claim raised on direct appeal relied solely on state law.

[3]Additionally, Petitioner has failed to demonstrate that he was entitled to withdraw his plea or that the State in any manner breached the plea agreement. Section III, ¶ 6 of the plea agreement specifically provided that if Petitioner violated the agreement or was "unable to complete all the requirements of this agreement, [he] shall not be entitled to withdraw [his] guilty plea . . . ." (Doc. No. 5-2 at 11.) The record reveals that all parties, including Petitioner, were well aware that he could be subject to a "hold in New York." (Doc. No. 5-3 at 39.) Petitioner has failed to demonstrate that there was any malfeasance by the State regarding its obligations under the plea agreement or that he was denied the benefit of his bargain.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Effrain Alicea, Jr. is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this _9th__ day of November, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 11/9
Counsel of Record
Effrain Alicea, Jr.